**PRINCESS ENTERPRISES, INC., Appellant,**

v.

**SUPERSTAR AMUSEMENTS, INC., Appellee.**

No. 05–85–01069–CV.

Court of Appeals of Texas, Dallas.

Aug. 5, 1986.

Rehearing Denied Sept. 12, 1986.

G. Dennis Sullivan, Dallas, for appellant.

Mark H. How, Dallas, for appellee.

Before GUITTARD, C.J., and AKIN and HOWELL, JJ.

HOWELL, Justice.

Ghanim Sesi and Princess Enterprises sued Ronald S. Buchbaum and Superstar Amusements to rescind the purchase of a business. The defendants counterclaimed for the unpaid balance of the contract price. After a trial before the court, the court denied rescission and awarded to defendants a judgment for the unpaid balance. Sesi and Princess appeal, bringing forward seven points of error. We find no reversible error and affirm the trial court's judgment.

Sesi seeks to rescind his purchase of Cowboy Jay Saldi's Family Gameroom, a video game establishment. Sesi alleges that Buchbaum fraudulently induced the sale and that Buchbaum's failure to assign the lease of the premises to him in accordance with the contract justifies rescission. His central contention is that Buchbaum, an executive and director of Superstar, misrepresented the profits of the business. The trial court found that no false representations had been made. Sesi attacks the finding alleging that it is against the great weight and preponderance of the evidence and alternatively that there is no evidence to support the finding.

The "no evidence" point is easily disposed of. The negative response to an issue upon which Sesi had the burden of proof merely signified that he has failed to meet that burden. No evidence is required to sustain the negative answer. *Prunty v. Post Oak Bank*, 493 S.W.2d 645 (Tex.Civ. App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.). Point of error two is overruled.

In evaluating the claim that the trial court's finding is against the great weight and preponderance of the evidence we must examine all of the evidence. The trial court's finding will be left undisturbed unless the finding is so contrary to the evidence as to be manifestly unjust. *Choyce v. Dallas County Child Welfare Unit of Texas Department of Human Resources,* 642 S.W.2d 559, 561 (Tex.App.—Dallas 1982, no writ).

Sesi testified that Buchbaum had told him during the negotiations for the sale that the business took in about $20,000 per month. After expenses and the amount to be shared with the owners of the machines was subtracted, the monthly net income was allegedly represented as running about $5,000. Sesi operated the business for about six weeks. During that time he realized income far short of the represented level.

Buchbaum testified that he did not recall precisely what statements were made regarding the arcade's profitability. Several exhibits were introduced into evidence. Superstar's listing agreement with the broker stated that the business had monthly receipts of $10,700. Bank deposit records indicate receipts in the range of $10,000 per month for the period when Superstar operated the arcade.

We conclude that the trial court's finding of fact was not against the great weight and preponderance of the evidence. Sesi's testimony was not clear, direct or unequivocal. There is ample documentary evidence that the representation of profitability correctly stated the income of the business *at the time of the sale.* Buchbaum testified that the arcade relied heavily on promotions based on its Dallas Cowboys motif including personal appearances by players. Sesi did not advertise or engage any other marketing activities. The trial court was free to conclude that this failure, rather than an inherent lack of profitability, caused Sesi's income to decline. Point of error one is overruled.

Appellant's third point of error complains of the trial court's excluding evidence of Superstar's failure to produce a written lease for the arcade premises. The trial court sustained Superstar's objection that the offered testimony attempted to raise a ground for rescission that Sesi had not pleaded. The record contains no bill of exceptions indicating what the excluded testimony would have been. In the absence of a bill of exception any error in

excluding the evidence is not preserved for review. *McInnes v. Yamaha Motor Corp., U.S.A.,* 673 S.W.2d 185, 187 (Tex.1984), *cert. denied,* 469 U.S. 1107, 105 S.Ct. 782, 83 L.Ed.2d 777 (1985). It is also apparent that appellees' timely objection that the question sought to inquire as to a matter outside the pleadings precluded the issue from being tried by consent. *Canaan v. Varn,* 591 S.W.2d 583, 586 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). Point of error three is overruled.

■ Point of error four complains of the trial court finding that at the time the sale was consummated, Sesi and Buchbaum orally agreed that Sesi would pay the $5,000 broker's commission. Sesi argues that any such agreement was rendered unenforceable by the statute of frauds requirement that a promise to answer for the debt, default or miscarriage of another be in writing and signed by the person to be charged. TEX.BUS. & COM.CODE ANN. § 26.01 (Vernon 1968). The evidence shows that the purchase price of the business was $35,000. The contract called for Sesi to make a down payment of $10,000 cash and to execute a $25,000 note. The note was executed but payment was never made thereon. A check for $5,000 was given against the $10,000 down payment, but the remainder was not paid.

Even if the agreement to pay the *broker* was unenforceable, the finding did not lead to an improper judgment. It is undisputed that at the time of trial $30,000 of the purchase price remained unpaid. Whether the entirety of that sum was to be paid to Superstar or partly to Superstar's creditor, the broker, was immaterial. The judgment does not purport to enforce an agreement to pay the broker but renders judgment for the full balance contracted to Superstar. Point four is overruled.

■ Finally, Sesi argues that the trial court's finding of no gross disparity between the consideration paid by Sesi and the value he received is against the great weight and preponderance of the evidence. Sesi purchased the arcade for $35,000. The arcade's past history suggested that the business could produce income exceeding the purchase price within a year. The trial court was fully justified in concluding that no gross disparity existed. The mere fact that the business proved unprofitable certainly does not, in itself, betoken unconscionable action by the vendor. Every business venture entails risk. We will not elevate the unconscionability doctrine so as to make the seller or a business the guarantor of his purchaser's success.

Appellants' sixth point of error complains of the trial court's failure to grant a continuance because of the unavailability of a material witness.[1] The absent witness was Betty Detweiler, who acted as broker in the sale of the arcade.

The decision to grant or deny a continuance primarily rests with the trial court and will not be disturbed upon appeal absent a showing of abuse of discretion. *Bond v. Bond,* 547 S.W.2d 43, 45 (Tex.Civ. App.—Eastland 1976, writ ref'd n.r.e.). Sesi's motion for continuance states that Detweiler could not be located for some

---

1. Rule 252 governing continuances provides:

   If the ground of such application be the want of testimony, the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known, that such testimony cannot be procured from any other source; and, if it be for the absence of a witness, he shall state the name and residence of the witness, and what he expects to prove by him; and also state that the continuance is not sought for delay only, but that justice may be done; provided that, on a first application for a continuance, it shall not be necessary to show that the absent testimony cannot be procured from any other source.

   The failure to obtain the deposition of any witness residing within 100 miles of the courthouse of the county in which the suit is pending shall not be regarded as want of diligence when diligence has been used to secure the personal attendance of such witness under the rules of law, unless by reason of age, infirmity or sickness, or official duty, the witness will be unable to attend the court, or unless such witness is about to leave, or has left, the State or county in which the suit is pending and will not probably be present at the trial.

time. Eventually, private investigators found her in Arizona on March 6, 1985. Detweiler agreed to testify at the trial but on April 9, 1985, the day before the trial, notified appellant's attorney that she could not attend. Detweiler's whereabouts were known for over a month before trial, but appellant chose to rely on her promise to appear rather than take her deposition.

We note that this is a suit for fraud. Buyer himself was the primary witness because he could not have relied on specific statements of fact that were not received by him. His testimony as to what was specifically represented to him can hardly be described as direct, clear and convincing. Buyer had to lay a foundation outlining exactly what specific representations were made and relied upon before Detweiler could have been of value to him as a corroborating witness. Furthermore, neither Buyer's motion for continuance nor the extensive colloquy before the bench unequivocally set forth with any exactitude that Detweiler would have corroborated any specific representation that had been placed in evidence as having been made and relied upon and which had been established, prima facie, as false.

Where an out-of-state witness promises to appear and then reneges on the promise at the last minute, a strong plea for at least a short delay of the case is normally presented. If the case be tried non-jury, as here, the plea for time possesses added strength because the case can usually be recessed for a week or two without disruption. However, as already stated, the plea for time to obtain additional testimony is primarily addressed to the trial court rather than the appellate court. In matters relating to the time, mode and manner of proceeding, we must defer to the good sense of the trial court and require that the offended party persuade us that an abuse of discretion has occurred.

The trial court, having heard counsel fully as to the testimony that was expected of the missing witness, apparently concluded that such testimony would not affect the court in reaching its findings as to the facts of the case. On balance, considering the limited demonstration of diligence and the limited showing of materiality of the missing testimony, Sesi has not demonstrated to us that the trial court committed an abuse of discretion by refusing to give him additional time to present the witness. *See Jones v. John's Community Hospital*, 624 S.W.2d 330, 332 (Tex.App.—Waco 1981, no writ).

Sesi's final point of error is that the trial court erred in granting judgment for Superstar because the evidence established that Superstar had breached the sales contract by failing to provide a written lease. This alleged breach would preclude Superstar's recovery on the contract. The trial court found that according to the contract Superstar was to deliver a valid lease or assign a lease to Sesi. The court did not find, however, that Superstar had failed to provide a lease. Buchbaum testified that a lease assignment was in preparation at the time Sesi closed operations. The trial court could conclude, therefore, that Superstar was moving forward to comply with its obligations under the contract. No breach was established as a matter of law.

The judgment is affirmed.