# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00408-CV

**Weldon Clark and Diane Clark, Appellants**

**v.**

**Jonathon Edwards, Appellee**

### FROM THE COUNTY COURT OF LEE COUNTY
### NO. 2822, HONORABLE EVAN GONZALES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Weldon Clark and Diane Clark bring this pro se appeal of the county court's take-nothing judgment on a jury verdict against appellee Jonathon[1] Edwards on their property damage arising from a vehicle collision. In their sole issue, the Clarks argue that the county court erred in rendering a take-nothing judgment that was inconsistent with the jury's verdict. Because we conclude that the court rendered judgment consistent with the verdict, we affirm.

### BACKGROUND

It is undisputed that, on the afternoon of June 12, 2003, Chester Newman, who was Clark's employee, was driving Clark's wrecker when it collided with a truck driven by Edwards.

---

[1] The county court's charge and judgment identify appellee as "Jonathon" Edwards but other documents in the record identify him as "Jonathan" Edwards.

Evidence at trial suggested that the pair approached each other from opposite sides of a blind curve on a narrow dirt road, and collided head-on. The report of the investigating peace officer, which was admitted into evidence, listed both drivers' "failure to give half of roadway" as a factor contributing to the collision. The report also identified both drivers' "faulty evasive action" as a factor that may have contributed to the collision.

The Clarks sued Edwards in justice court, claiming $4,823.31 for an "unpaid amount on automobile wrecked," plus court costs of $82. After a jury trial, the justice court entered a judgment awarding the Clarks the full amount they requested, $4,905.31. Edwards appealed the justice court's judgment to the county court, where it was subject to *de novo* review. *See* Tex. Gov't Code Ann. § 26.042(e) (West 2004); Tex. Civ. Prac. & Rem. Code Ann. § 51.001(a) (West 1997); Tex. R. Civ. P. 574b. Edwards's appeal was tried to a jury. The county court submitted each driver's negligence to the jury in the following manner:

QUESTION NO. 1

Did the negligence, if any, of the persons named below proximately cause the occurrence in question?

Answer "Yes" or "No" for each of the following:

a. Jonathon Edwards    _____

b. Chester Leon Newman, II    _____

Predicated upon an affirmative answer as to both drivers, Question 2 asked the jury to apportion responsibility for the occurrence between them. The jury was not asked to determine the amount of damages, if any, that resulted from the occurrence.

2

In response to Question 1, the jury found that neither driver's negligence had proximately caused the occurrence. It thus did not reach the proportionate responsibility issue in Question 2. The county court rendered judgment on the jury's verdict, ordering that the Clarks take nothing from Edwards. This appeal followed.

## DISCUSSION

In their sole issue, the Clarks contend that the county court erred by not rendering judgment awarding them half of the amount that the justice court originally awarded them.[2] The Clarks' argument is premised on an erroneous interpretation of the jury's verdict. Specifically, they construe the jury's *failure to find* that the negligence of *either* Edwards or Newman proximately caused the collision as an affirmative finding that both were 50 percent responsible. They emphasize that Texas law allows a claimant to recover damages unless he is found responsible for more than 50 percent of the harm for which relief is sought. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.001 (West 1997).

The jury's failure to find that either Edward or Newman's negligence proximately caused the collision means only that the jury determined that both parties failed to meet their burden of proof on that issue. *See C&R Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194 (Tex. 1966); *Princess Enters., Inc. v. Superstar Amusements, Inc.*, 718 S.W.2d 40, 41 (Tex. App.—Dallas 1986, no writ). To prevail on the question of negligence, the Clarks had to prove the existence of a legal

---

[2] The Clarks contend that one half of the justice court's award is $2,499.50, based on their assertion that the justice court awarded Clark $4,999.00. The record shows that the justice court's judgment awarded $4,905.31 to Clark, half of which is $2,452.65.

duty, a breach of that duty, and damages proximately caused by the breach. *See IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). The Clarks' failure to obtain favorable findings on their negligence issue is fatal to their claim. Additionally, because there was not any affirmative finding of negligence, there was not any percentage of responsibility for the jury to allocate, and the charge properly instructed the jury not to reach the proportionate responsibility question unless it found both parties negligent. *See* Comm. on Pattern Jury Charges, State Bar of Tex., Texas Pattern Jury Charges—General Negligence & Intentional Personal Torts PJC 4.3 & cmt. (2003); *see also* Tex. Civ. Prac. & Rem. Code Ann. §§ 33.002(a), .003 (West Supp. 2005); Tex. R. Civ. P. 277 (requiring apportionment of loss among each person "found culpable"). The county court's rendition of a take-nothing judgment is consistent with this verdict.

## CONCLUSION

We affirm the judgment of the county court.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   July 7, 2006

4