Martha WHITEHEAD, State Treasurer of the State of Texas, Appellant,

v.

Craig A. JOHNSON, Appellee.

No. 11–96–125–CV.

Court of Appeals of Texas, Eastland.

June 18, 1997.

Patricia L. Zacharie, Assistant Attorney General, Austin, for appellant.

Charles Jones, Jones & Young LLP, Sweetwater, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

## OPINION

DICKENSON, Justice.

Craig A. Johnson sued Martha Whitehead, State Treasurer of the State of Texas, seeking to recover property which had been delivered to the State Treasurer pursuant to TEX.PROP.CODE ANN. § 74.301 et seq. (Vernon 1995 & Supp.1997). The trial court granted Johnson's motion for summary judgment, ordering the State Treasurer to pay him $14,888.90 plus attorney's fees ($5,000.00 for trial, $5,000.00 for an appeal to the Court of Appeals, and $5,000.00 in the event of an appeal to the Supreme Court). We reverse and remand.

■ Johnson's suit was filed on April 7, 1994. The summary judgment proof shows that the $14,888.90 which had been delivered to the State Treasurer was paid to Kathleen Winsor Porter (the prior owner of the undivided mineral interest which Johnson had purchased) on October 1, 1991. Section 74.304 provides in relevant part:

[T]he liability of the state is limited to the extent of the property delivered under this chapter and remaining in the possession of the State Treasurer at the time a suit is filed.

The State Treasurer argues in her first point of error that the trial court erred in granting the motion for summary judgment. We sustain this point, and the other points need not be discussed.[1] See TEX.R.APP.P. 90(a).

■ We have reviewed the pleadings and the summary judgment proof under the well-established standards discussed in *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548 (Tex.1985). As this

1. The State Treasurer did not file a motion for summary judgment.

48

court noted in *Clark v. University of Texas Health Science Center at Houston,* 919 S.W.2d 185, 187 (Tex.App.—Eastland 1996, writ den'd):

> This requires us to assume that all of the non-movant's summary judgment proof is true, to indulge every reasonable inference in favor of the non-movant, and to resolve all doubts in favor of the non-movant.

Johnson's petition was filed on April 7, 1994. The State Treasurer's original response to Johnson's motion for summary judgment contains summary judgment proof showing that the $14,888.90, which was held in the Unclaimed Money Fund, was paid to the record owner, Porter, in 1991. Johnson's petition shows that he purchased an undivided mineral interest at a tax foreclosure sale in 1989 and that the nunc pro tunc judgment under which he seeks to recover these funds was signed on March 27, 1992, after the funds had been paid to the prior owner by the State Treasurer.

The judgment of the trial court is reversed, and the cause is remanded.