**David HILL, Individually and d/b/a DOH Oil Company, Appellant,**

v.

**ENERLEX, INC., Appellee.**

No. 11–96–362–CV.

Court of Appeals of Texas, Eastland.

April 30, 1998.

Rehearing Overruled July 9, 1998.

Charles E. Jones, Charles E. Jones, Jr., & Associates, Sweetwater, for appellant.

Billy W. Boone, Abilene, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

## OPINION

ARNOT, Chief Justice.

Gregory Lloyd Sandefur owned an undivided nonparticipating royalty interest in Section 158, H & TC Railway Survey in Taylor County, Texas. Production was established on this land subject to the terms of an oil, gas, and mineral lease. Ad valorem taxes were assessed against Sandefur's producing royalty interest pursuant to TEX. PROP. TAX CODE ANN. § 32.01 (Vernon Supp.1998). These taxes were not paid. The proceeds attributable to Sandefur's royalty interest were held in a suspense account by the purchaser of the production. The

Central Appraisal District of Taylor County initiated a tax suit to recover the delinquent taxes.

A judgment was entered in the delinquent tax suit; and an order of sale directed the sheriff to levy execution, advertise, and sell the royalty interest. David Hill, appellant, purchased the royalty interest and received a sheriff's deed. Subsequently, by mineral deed, Sandefur sold to Enerlex, Inc., appellee, his right to redemption of the royalty interest. See TEX. PROP. TAX CODE ANN. § 34.21 et seq. (Vernon 1992 & Supp. 1998). Enerlex, as owner, initiated timely procedures to redeem the property from the taxing authorities.

This dispute arose between Hill, the purchaser from the sheriff at the tax sale, and Enerlex, the purchaser from Sandefur, the delinquent taxpayer, as to the right to those proceeds held in suspense. Enerlex filed suit for a declaratory judgment. Hill filed a cross action for construction of his sheriff's deed and for a declaration that the deed transferred title to the suspense funds to him. See TEX. CIV. PRAC. & REM. CODE ANN. § 37.003 et seq. (Vernon 1997). Finding that there were no material questions of fact, the trial court declared that the suspense funds attributable to Sandefur's royalty interest were not subject to the tax lien and granted a summary judgment awarding the suspense funds to Enerlex. Hill appeals. We affirm.

Hill has briefed seven points of error. In his first point of error, Hill complains that the trial court erred in denying his motion to transfer venue. In his remaining six points of error, Hill complains that the trial court erred in declaring that the suspense funds were not subject to the ad valorem tax lien.

■ In his first point of error, Hill, the defendant at trial, complains that the trial court erred in denying his motion to transfer venue. Hill asserts that "for venue purposes" this suit for declaratory judgment involved only the declaration to the right to the monies held in suspense, which is personalty; that he resides in Nolan County; that he did not conduct business in Taylor County, the county of suit; that Enerlex is an Oklahoma corporation; and that no permissive or mandatory exception to the venue statute authorizes maintenance of the declaratory judgment action in Taylor County. TEX. R.CIV.P. 86, 87; *Wilson v. Texas Parks and Wildlife Department*, 886 S.W.2d 259 (Tex. 1994); *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752 (Tex.1993); *Maranatha Temple, Inc. v. Enterprise Products Co.*, 833 S.W.2d 736 (Tex. App.—Houston [1st Dist.] 1992, writ den'd).

In its suit, Enerlex, plaintiff in the trial court, sought a declaratory judgment for construction of the respective rights of the parties to the undivided royalty interest, to the funds held in suspense by the purchaser of the minerals which had been produced, and to the rights of redemption under the tax code. Although the proceeds from the sale of the minerals are personalty, this suit asks the court to determine the ownership of those proceeds based on two opposing conveyances of real estate. Venue for suits involving title to real estate is mandatory in the county in which all or part of the real property is located. TEX. CIV. PRAC. & REM. CODE ANN. § 15.011 (Vernon Supp. 1998). See also *Estate of Crawford v. Town of Flower Mound*, 933 S.W.2d 727 (Tex. App.—Fort Worth 1996, writ den'd), and TEX. PROP. TAX CODE ANN. § 33.41(a) (Vernon 1992). Where a plaintiff properly joins two or more claims, a mandatory venue provision for one claim will control. TEX. CIV. PRAC. & REM. CODE ANN. § 15.004 (Vernon Supp.1998). We have considered the entire record in determining the venue issue. TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b) (Vernon 1986). Hill's first point of error is overruled.

■ In his remaining six points of error, Hill complains that the trial court erred in granting a summary judgment for Enerlex. Summary judgment is proper only when a movant establishes that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a; *Goswami v. Metropolitan Savings and Loan Association*, 751 S.W.2d 487, 491 (Tex. 1988); *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). A

movant is entitled to summary judgment if the movant proves as a matter of law all the essential elements of its cause of action. *City of Houston v. Clear Creek Basin Authority,* supra; *Anderson v. Market Street Developers, Ltd.,* 944 S.W.2d 776 (Tex.App.—Eastland 1997, writ den'd). A movant is also entitled to summary judgment if the movant disproves the facts of at least one element of its opponent's cause of action. *City of Houston v. Clear Creek Basin Authority,* supra; *Whitehead v. Johnson,* 949 S.W.2d 47 (Tex.App.—Eastland 1997, no writ). In reviewing a summary judgment, we must resolve all doubts against the movant and view the evidence in the light most favorable to the non-movant. *City of Houston v. Clear Creek Basin Authority,* supra; *Rosewood Properties, Inc. v. Community Credit Union,* 944 S.W.2d 46 (Tex.App.—Eastland 1997, writ den'd). Summary judgment is appropriate in a declaratory judgment action when no material fact issues exist. *Bass, Inc. v. Shell Western, E & P, Inc.,* 957 S.W.2d 159 (Tex.App.—San Antonio 1997, no writ); see TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.004, 37.007, 37.010 (Vernon 1997).

At issue in each of Hill's remaining six points of error are two assertions. First, Hill contends that the ad valorem tax lien created by virtue of Section 32.01(a) of the Property Tax Code attached to the funds attributable to the Sandefur royalty interest held in suspense and that, consequently, as the purchaser at the foreclosure sale, Hill received title to those funds held in suspense. Second, Hill maintains that by virtue of Section 34.21(b) & (f) of the Property Tax Code the right of redemption does not grant to the former owner the right to receive rents, income, or other benefits from the property while the right to redemption exists.

■ Oil and gas are realty when in place. *Humble Oil and Refining Company v. West,* 508 S.W.2d 812 (Tex.1974); *W.B. Johnson Drilling Company v. Lacy,* 336 S.W.2d 230, 233 (Tex.Civ.App.—Eastland 1960, no writ). TEX. PROP. TAX CODE ANN. §§ 32.01 & 32.02 (Vernon 1992 & Supp.1998) create a lien for ad valorem taxes on minerals in place, being real estate. Once produced, oil and gas are personalty. Humble Oil and Refining Company v. West, supra. The Property Tax Code does not grant the state or county a lien upon personal property until it has been seized or levied upon. TEX. PROP. TAX CODE ANN. § 33.21 et seq. (Vernon 1992).

Because of the dichotomy in Texas law that minerals in place are realty and that minerals once produced are personalty and because the Property Tax Code establishes a lien for taxes against realty but not personalty, the lien as created and defined in Chapter 32 of the Property Tax Code does not attach to minerals once they have been produced or sold. The lien did not attach to the proceeds; therefore, title to the monies in suspense was not transferred to Hill by the sheriff's deed.

■ The sheriff's deed resulting from a judicial foreclosure of the minerals in place did not convey title to the proceeds or minerals that have been previously removed from the land. Consequently, there was no right to redemption under Section 34.21 of this personalty because the owner was never divested of his title to these monies. Moreover, the mineral deed from Sandefur, the original owner, to Enerlex conveyed not only Sandefur's right to redemption of the royalty interest which had been foreclosed but also any right, title, and interest Sandefur had in and to all of the oil, gas, and other minerals under the described land and any interest Sandefur had in the proceeds held in suspense. We overrule Hill's remaining six points of error.

The judgment of the trial court is affirmed.