11th Court of Appeals








11th Court of Appeals

Eastland, Texas

Opinion

 

Debra J. Holley

Appellant

Vs.                   No.  11-00-00153-CV B
Appeal from Howard County

Vaudry
Vern Grigg, Dennis Clayton Grigg, 

Wilbur Leo Grigg, and Carlos Gene Grigg

Appellees

 

C. C. Grigg and his wife, Rosamond, had five
children. One child, Billy Fred Grigg, predeceased his parents. Billy Fred was
survived by a daughter, Debra J. Holley. 
Rosamond died after Billy Fred, leaving a will which was probated. 

Subsequently, C. C. Grigg died testate, his will
leaving the residuary of his estate to his remaining four sons and
granddaughter, share and share alike. 
At his death, C. C. Grigg also had an Edward D. Jones account containing
a money market passport account and certificates of deposit. The Edward D.
Jones account was subject to a Missouri agreement styled ANON-PROBATE TRANSFERS
(TRANSFER ON DEATH) AGREEMENT.@  

The agreement provided that, upon C. C. Grigg=s death, the account would
be divided among his five children evenly. 
The agreement contained an option which, if accepted, would allow the
interest of a non-surviving child to pass to that beneficiary=s children. This option was
set out immediately below the designation of contingent beneficiaries.  It stated as follows:

If
one or more Contingent Beneficiaries predeceases the Owner or last surviving
Owner, their shares shall be transferred to new Jones firm name accounts for
the surviving Contingent Beneficiaries unless indicated here.  If you wish the share of a predeceased
Contingent Beneficiary to instead be divided equally among new Jones firm name
accounts for the children of the predeceased Contingent Beneficiary (Abeneficiary substitutes@), check box B.  BOX B G

 

C. C. Grigg did not elect this survivorship option in the
agreement.  








Appellees, C. C. Grigg=s four surviving sons, brought a declaratory
judgment action asking the court to determine that appellant did not receive
any interest in the assets in the Edward D. Jones account.  Both sides moved for summary judgment.  At issue in this case is the applicability
of TEX. PROB. CODE ANN. '  450 (Vernon 1980 & Supp. 2001)[1]
and the comparable Missouri statute, MO. REV. STAT. ' 461.001 (2000),[2]
which provide for the disposition of assets subject to deposit agreements as
nontestamentary.  The trial court granted a summary judgment,
holding that the Edward D. Jones account was a valid nontestamentary agreement
and that appellant did not take under the terms of the agreement. 

On appeal, appellant
raises six points under her issues on appeal that the trial court erred in
granting appellees= motion for traditional summary
judgment.  First, appellant argues that
the transfer is an invalid testamentary transfer.  Second, appellant urges that Texas law applies and that, under
Texas law, the agreement is void. 
Third, appellant asserts that the agreement is ambiguous, making summary
judgment improper.  Fourth, appellant
urges that  the Texas Probate Code does
not provide for transfers on death to more than one person.  Fifth, appellant claims that appellees are
estopped from denying that this account is a probate asset of C. C. Grigg.  Sixth, appellant argues that there is
evidence of a unilateral mistake by C. C. Grigg at the time he signed the
agreement.  








Because there are no
material questions of fact and because the Edward D. Jones agreement is a valid
contract and deemed to be nontestamentary, we affirm.

Summary judgment is
appropriate in a declaratory judgment action when no material fact issues
exist.  Hill v. Enerlex, Inc., 969
S.W.2d 120, 122 (Tex.App. - Eastland 1998, pet=n den=d); Lee M. Bass, Inc. v. Shell Western E & P, Inc., 957
S.W.2d 159, 160 (Tex.App. - San Antonio 1997, no pet=n).  When reviewing
a traditional motion for summary judgment, the following standards apply:  (1) the movant for summary judgment has the
burden of showing that there is no genuine issue of material fact and that it
is entitled to judgment as a matter of law; (2) in deciding whether there is a
disputed material fact issue precluding summary judgment, evidence favorable to
the non-movant will be taken as true; and (3) every reasonable inference must
be indulged in favor of the non-movant and any doubts resolved in its
favor.  TEX.R.CIV.P. 166a; Goswami v.
Metropolitan Savings and Loan Association, 751 S.W.2d 487, 491 (Tex.1988);
Nixon v. Mr. Property Management Company, Inc., 690 S.W.2d 546, 548-49
(Tex.1985); City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 676
(Tex.1979).

In her first point,
appellant argues that the transfer on death agreement is an invalid
testamentary transfer based on Hibbler v. Knight, 735 S.W.2d 924 (Tex.App. -
Houston [1st Dist.] 1987, writ ref=d n.r.e.).  The court in Hibbler held that
Section 450 of the Probate Code allows nontestamentary transfers of property,
money, or Aother benefits@; however, the court recognized
that Section 450 would not permit the nontestamentary transfer of a person=s entire estate.  In
the present case,  there is no attempt
to transfer an entire estate through a transfer on death agreement.  Both Section 450 and Section 461.001 are
based on UNIF. PROBATE CODE ' 6-201.  We believe the comments to Section 6-201 to
be dispositive of this point. The comments to this section state:








This section authorizes a variety of
contractual arrangements which have in the past been treated as
testamentary.  For example most courts
treat as testamentary a provision in a promissory note that if the payee dies
before payment is made the note shall be paid to another named person, or a
provision in a land contract that if the seller dies before payment is
completed the balance shall be cancelled and the property shall belong to the
vendee.  These provisions often occur in
family arrangements.  The result of
holding the provisions testamentary is usually to invalidate them because not
executed in accordance with the statute of wills.  On the other hand the same courts have for years upheld
beneficiary designations in life insurance contracts.  Similar kinds of problems are arising in regard to beneficiary
designations in pension funds and under annuity contracts.  The analogy of the power of appointment
provides some historical base for solving some of these problems aside from a
validating statute.  However, there
appear to be no policy reasons for continuing to treat these varied
arrangements as testamentary.  The
revocable living trust and the multiple-party bank accounts, as well as the
experience with United States government bonds payable on death to named
beneficiaries, have demonstrated that the evils envisioned if the statute of
wills is not rigidly enforced simply do not materialize.  The fact that these provisions often are
part of a business transaction and in any event are evidenced by a writing to
eliminate the danger of Afraud.@

 

Because the types of provisions
described in the statute are characterized as nontestamentary, the instrument
does not have to be executed in compliance with Section 2-502; nor does it have
to be probated, nor does the personal representative have any power or duty
with respect to the assets involved.

 

The sole purpose of this section is to
eliminate the testamentary characterization from the arrangements falling
within the terms of this section.  It
does not invalidate other arrangements by negative implication.  Thus it is not intended by this section to
embrace oral trusts to hold property at death for named persons; such
arrangements are already generally enforceable under trust law.

 

Deposit
agreements such as the Edward D. Jones account before us are the type of
contract envisioned by the drafters of the Uniform Probate Code. The Edward D.
Jones account is subject to Section 450 and, consequently, is nontestamentary.

In
her second point, appellant urges that Texas law applies.  The Edward D. Jones agreement specifically
states that Missouri law will govern both the validity and effect of the
agreement and refers specifically to the Nonprobate Transfers Law of Missouri.  Parties to a contract can decide which law will
apply, and the law of the state chosen will govern provided the transaction
bears any reasonable relationship to the state chosen.  See TEX. BUS. & COM. CODE ANN. ' 1.105(a) (Vernon Supp. 2001).  The appropriate statute to apply in this case is either the Texas
statute, Section 450, or the Missouri statute, Section 461.001.  These statutes are essentially the
same.   Consequently, the results are
the same regardless of which state law is used. 








In her third point,
appellant asserts that the Edward D. Jones agreement is ambiguous.  If a written instrument is so worded that it
can be given a certain or definite legal meaning or interpretation, then it is
not ambiguous, and the court will construe the contract as a matter of
law.  Kelley-Coppedge, Inc. v. Highlands
Insurance Company, 980 S.W.2d 462, 464 (Tex.1998); Universal C. I. T. Credit
Corp. v. Daniel, 243 S.W.2d 154, 157 (Tex.1951).   A contract, however, is ambiguous when its meaning is uncertain
and doubtful or when it is reasonably susceptible to more than one
meaning.  Lopez v. Munoz, Hockema &
Reed, L.L.P., 22 S.W.3d 857, 861 (Tex.2000). 
Whether a contract is ambiguous is a question of law for the court to
decide by looking at the contract as a whole in light of the circumstances present
when the contract was entered. 
Kelley-Coppedge, Inc. v. Highlands Insurance Company, supra at 465.

The Edward D. Jones
agreement provides the owner with an option. 
At his election, the owner may choose to distribute the assets to all of
his children or to his surviving children. 
Appellant argues that this option makes the agreement ambiguous.  We disagree.  Simply because the owner has an option to elect the beneficiary
on the account does not make the Edward D. Jones agreement reasonably susceptible
to more than one meaning.  The agreement
is not ambiguous.  

In her fourth point,
appellant contends that the agreement is not valid under any relevant sections
of the Texas Probate Code.  Appellant
states that the use of Aperson@ in the singular in Section 450 relating to transfer on
death agreements means that the transfer can only be to one person, instead of
a group.  However, according to TEX. GOV=T CODE ANN. ' 312.003(b) (Vernon 1998),[3]
A[t]he singular includes the plural and the plural includes
the singular unless expressly provided otherwise.@  Likewise, MO. REV. STAT. ' 1.030 (2000)[4]
provides the same in application to Missouri statutes.








In her fifth point,
appellant points out that her grandfather, C. C. Grigg, executed and listed in
a sworn inventory and appraisement in the probate of the estate of her
grandmother, Rosamond, the Edward D. Jones certificate of deposit account.  Appellant argues that this fact is a
judicial admission that the funds in the account should pass under the will of
C. C. Grigg, estopping her uncles from asserting that the account is
nontestamentary.  A judicial admission
is a formal waiver of proof that dispenses with the production of evidence on
an issue and bars the admitting party from disputing it.  Lee v. Lee, 43 S.W.3d 636, 641 (Tex.App. ‑
Fort Worth 2001, no pet=n h.); Dowelanco v. Benitez, 4
S.W.3d 866, 871 (Tex.App. - Corpus Christi 1999, no pet=n).  Appellant=s uncles were not the declarants.  Judicial admission would not apply in this case.

In her sixth point,
appellant argues that the summary judgment evidence presents a fact issue as to
whether C. C. Grigg made a unilateral mistake when he executed the Edward D.
Jones agreement.  Unless fraud is shown,
a written contract will not be reformed in equity unless there is a mutual
mistake of the parties.  Spellman v.
American Universal Investment Company, 687 S.W.2d 27, 31 (Tex.App. - Corpus
Christi 1984, writ ref=d n.r.e.).  A mutual mistake concerning a material fact
does constitute a ground for avoiding a contract, but the mistake must be
mutual rather than unilateral.  Earp v.
First State Bank of Abilene, 356 S.W.2d 178, 181 (Tex.Civ.App. - Eastland 1962,
writ ref=d n.r.e.).  However,
a unilateral mistake does not provide grounds for relief even if this results
in inequity to one of the parties.  See
Turberville v. Upper Valley Farms, Inc., 616 S.W.2d 676, 678 (Tex.Civ.App. B Corpus Christi 1981, no writ).

We have reviewed and
overruled each of the points under appellant=s issues
on appeal.  The judgment of the trial
court is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

November 30, 2001

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.

 

[1]Section 450 provides in part:

 

(a) Any of the following provisions in an insurance
policy, contract of employment, bond, mortgage, promissory note, deposit
agreement, employees= trust, retirement account, deferred compensation
arrangement, custodial agreement, pension plan, trust agreement, conveyance of
real or personal property, securities, accounts with financial institutions as
defined in Part 1 of this chapter, or any other written instrument effective as
a contract, gift, conveyance, or trust is deemed to be nontestamentary, and this
code does not invalidate the instrument or any provision:

 

(1) that money or other benefits theretofore due to, controlled, or
owned by a decedent shall be paid after his death to a person designated by the
decedent in either the instrument or a separate writing, including a will,
executed at the same time as the instrument or subsequently.

2Section 461.001 provides in part:

 

Any of the following provisions in an insurance policy,
contract of employment, bond, mortgage, promissory note, stock certificate,
account agreement, custodial agreement, deposit agreement, compensation plan,
pension plan, individual retirement plan, employee benefit plan, trust
agreement, declaration of trust, conveyance or any other written instrument
effective as a contract, gift, conveyance, or trust or to evidence ownership of
the property is deemed to be nontestamentary, and exempt from the requirements
of section 473.087, RSMo, and section 474.320, RSMo: 

 

(1) That money or other benefits theretofore due to, controlled or owned
by a decedent shall be paid after the decedent=s
death to a person or persons designated by the decedent in either the
instrument or a separate writing, including a will, executed at the same time
as the instrument or subsequently.

3Section 312.003(b) provides that the singular includes
the plural and the plural includes the singular unless expressly provided.

[4]Section 1.030(2) provides:

 

When any subject matter, party or person is described or referred to by
words importing the singular number or the masculine gender, several matters
and persons, and females as well as males, and bodies corporate as well as
individuals, are included.

 











[1]Section 450 provides in part:

 

(a) Any of the following
provisions in an insurance policy, contract of employment, bond, mortgage,
promissory note, deposit agreement, employees=
trust, retirement account, deferred compensation arrangement, custodial
agreement, pension plan, trust agreement, conveyance of real or personal
property, securities, accounts with financial institutions as defined in Part 1
of this chapter, or any other written instrument effective as a contract, gift,
conveyance, or trust is deemed to be nontestamentary, and this code does not
invalidate the instrument or any provision:

 

(1) that money or other benefits
theretofore due to, controlled, or owned by a decedent shall be paid after his
death to a person designated by the decedent in either the instrument or a
separate writing, including a will, executed at the same time as the instrument
or subsequently.





[2]Section 461.001 provides in part:

 

Any of the following provisions
in an insurance policy, contract of employment, bond, mortgage, promissory
note, stock certificate, account agreement, custodial agreement, deposit
agreement, compensation plan, pension plan, individual retirement plan,
employee benefit plan, trust agreement, declaration of trust, conveyance or any
other written instrument effective as a contract, gift, conveyance, or trust or
to evidence ownership of the property is deemed to be nontestamentary, and
exempt from the requirements of section 473.087, RSMo, and section 474.320,
RSMo: 

 

(1) That money or other benefits
theretofore due to, controlled or owned by a decedent shall be paid after the
decedent=s death to a person or persons designated by the
decedent in either the instrument or a separate writing, including a will,
executed at the same time as the instrument or subsequently.





[3]Section 312.003(b) provides that the singular includes
the plural and the plural includes the singular unless expressly provided.





[4]Section 1.030(2) provides:

 

When any subject matter, party or person is
described or referred to by words importing the singular number or the
masculine gender, several matters and persons, and females as well as males,
and bodies corporate as well as individuals, are included.