**Grace H. HIBBLER, Appellant,**

v.

**Connie Hibbler KNIGHT, Appellee.**

**No. 01–86–0892–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 30, 1987.

Rehearing Overruled Aug. 31, 1987.

Dougal C. Pope, Houston, for appellant.

George M. Bishop, George M. Bishop & Associates, Houston, for appellee.

Before SAM BASS, JACK SMITH and DUNN, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from a judgment in a probate contest, which held that a written agreement between Grace H. Hibbler and Marshall Edward Hibbler was not an enforceable contract to convey property upon the death of Marshall Edward Hibbler, and denied the appellee's application to probate the purported last will and testament of Marshall Edward Hibbler.

Grace H. Hibbler (hereafter "Hibbler") married Marshall Edward Hibbler (hereafter "deceased") on November 9, 1981, two years after the death of his first wife, and they lived together as husband and wife until his death, March 30, 1985. Connie Hibbler Knight (hereafter "Knight"), the deceased's only child, was born during his first marriage.

Knight filed an application to probate a copy of a will, the original of which could not be produced in court. In the applica-

tion, she alleged that the deceased left a valid will dated March 29, 1979, and a copy of the will was filed with the application. She alleged that the whereabouts of the original will were unknown. This will left all of the deceased's estate to Knight. Hibbler answered and filed a cross-action, attaching a copy of a contract that she and the deceased entered into on February 20, 1982. Hibbler claimed that the terms of the contract entitled her to the deceased's entire estate.

The type-written contract read as follows:

February 20, 1982

TO WHOM IT MAY CONCERN:

I, Marshall E. Hibbler, disclaim any personal property or income from Grace M. Nelson Hibbler prior to or during our marriage.

Connie Augusta Hibbler Knight received $100,000.00 from me, Check 185, dated February 16, 1982 for her share of Aldina Lillian Reuter Hibbler estate.

Connie Augusta Hibbler Knight physically took more than her share of the community property of Aldina and Marshall Hibbler by entering the residence, 255 Maple Valley Road, Houston Texas, with a key that was entrusted to her, during my working hours with G.J. Long & Associates, 1765 Stebbins Drive, Houston, Texas, without my consent.

Grace M. Hibbler will be entitled to my estate provided we are not separated or divorced at the time of my death.

s/ Grace M. Hibbler    s/ M.E. Hibbler
Grace M Hibbler        M.E. Hibbler

Knight filed a verified answer to the cross-action claiming that the contract was invalid because there was no consideration or a failure of consideration. She also filed an amended application to probate an executed duplicate will, alleging that the will dated March 27, 1979, was an executed copy or duplicate original will of the deceased. Both parties proceeded to trial before a jury.

After both sides rested, the trial court removed the case from the jury, and directed a verdict, refusing to admit Knight's purported will to probate and also holding that Hibbler could not recover under the contract. Hibbler's appeal followed.

In her first point of error, Hibbler contends that the trial court committed reversible error in finding the February 20, 1982, contract to be unenforceable.

Knight asserts that the contract was invalid because as a matter of law there was no consideration for the deceased's promise, and because the contract conflicts with Tex. Probate Code Ann. § 59A (Vernon 1980).

■ With the recent amendments to the Texas Constitution and the Texas Family Code, no consideration is required for marital contracts between husbands and wives. However, this contract is not a valid antenuptial agreement within the parameters set by the Texas Family Code because it attempts to establish a right of survivorship in Hibbler without any partition or exchange. *See* Tex.Fam.Code Ann. §§ 5.41–5.46 (Vernon Supp.1987).

We agree with the trial court's conclusion that this contract is governed by Tex. Probate Code Ann. § 59A. This section provides:

(a) A contract to make a ... devise, or not to revoke a ... devise, if executed or entered into on or after September 1, 1979, can be established only by provisions of a will stating that a contract does exist and stating the material provisions of the contract.

■ Because the contract attempted to dispose of or "devise" the deceased's estate upon his death, it was fundamentally testamentary and failed for lack of attestation. Moreover, because it was entered or executed after September 1, 1979, it was also within the purview of this section and unenforceable.

At oral argument, Hibbler contended that this agreement was nontestamentary, and was valid under Tex.Probate Code Ann. § 450 (Vernon 1980). We disagree.

This section provides that any written instrument effective as a contract is deemed to be nontestamentary, and the

probate code does not invalidate the instrument or any provision:

> (3) that any *property* which is the subject of the instrument shall pass to a person designated by the decedent in either the instrument or a separate writing, including a will, executed at the same time as the instrument or subsequently.

Tex.Probate Code Ann. § 450(a)(3) (Vernon 1980) (emphasis added).

■ Although we have found no case law interpreting section 450(a)(3), we conclude that the legislature did not intend for this statutory language to validate agreements allowing testamentary disposition of a person's entire estate, including real property, without the requirements of a will or the formalities of will execution. Section 450 allows nontestamentary transfers of "property," "money," or "other benefits," but does not allow nontestamentary transfers of a person's entire estate.

Hibbler's first point of error is overruled.

In her second point of error, Hibbler contends that, by admitting into evidence without limitation Hibbler's cross-action and attached copy of the February 20, 1982 contract, Knight made a judicial admission as to the contents of those documents.

■ This contention is without merit. The rule asserting that one who introduces a document vouches for its accuracy and will not be allowed to impeach or contradict its recitals has been largely engulfed by its own exceptions. *Gevinson v. Manhattan Constr. Co.,* 449 S.W.2d 458, 466 (Tex. 1969). A party is not conclusively bound by the introduction of his opponent's pleadings and may disprove any facts in such a document. *Pope v. Darcey,* 667 S.W.2d 270 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Hackney v. Johnson,* 601 S.W.2d 523, 526–527 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.).

Point of error two is overruled.

In her sole cross-point, Knight urges that the trial court erred in failing to submit an issue to the jury for determination of whether the proposed will of the deceased was a valid will.

Both parties stipulated to the testimony of James L. McKey, the attorney who drafted the will. Knight claims that Hibbler's stipulation amounts to a judicial confession that the will attached to Knight's application to probate was a valid copy of Marshall Edward Hibbler's will. We disagree.

■ In situations in which parties agree upon statements that an absent witness would make if that witness was present to testify, the stipulation is not an agreement that the evidence or testimony is admissible or that the testimony is truthful; it is merely an agreement to waive cross-examination and an agreement that the written version of the testimony is the same as it would be if the witness testified in the courtroom. *See Austin v. Austin,* 603 S.W.2d 204 (Tex.1980).

A summarization of the relevant testimony of McKey shows that he was the attorney who prepared a will, which was executed by the deceased on March 29, 1979; that there was only one original will, but several copies were executed; that the original copy was given to the deceased, and an executed copy was given to Knight; that to his knowledge, the deceased never revoked the will; that the deceased visited with him several times after the execution of the March 29, 1979 will; that he believed the deceased did not intend to dispose of his property at the time of his death in the manner set out in the March 29, 1979 will; and that he had not been requested to prepare a new will for the deceased.

■ This evidence not only refutes the appellee's contention that the deceased's will was executed in duplicate originals, but also does not support her assertions that the will was lost rather than being destroyed or revoked. As a result, we find no evidence to rebut the presumption that arises when a will was last seen in the possession of the testator, to wit, that the testator destroyed the will with the intention of revoking it. *See McElroy v. Phink,* 97 Tex. 147, 76 S.W. 753 (1903); *Mingo v. Mingo,* 507 S.W.2d 310 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.)

928

To overcome the presumption of revocation when the original will was last seen in the testator's possession, the proponent must offer clear and convincing evidence. *Dodd v. Peoples Nat'l Bank*, 377 S.W.2d 760, 762 (Tex.Civ.App.—Texarkana 1964, no writ). Knight failed to meet this burden; therefore, appellee's cross-point is overruled.

The judgment is affirmed.