Debra J. HOLLEY, Appellant,

v.

Vaudry Vern GRIGG, Dennis Clayton Grigg, Wilbur Leo Grigg, and Carlos Gene Grigg, Appellees.

No. 11–00–00153–CV.

Court of Appeals of Texas, Eastland.

Nov. 30, 2001.

Paul R. Leake, Mesquite, for appellant.

John T. Ferguson, Weaver & Ferguson, P.C., Big Spring, for appellees.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

W.G. ARNOT, III, Chief Justice.

C.C. Grigg and his wife, Rosamond, had five children. One child, Billy Fred Grigg, predeceased his parents. Billy Fred was survived by a daughter, Debra J. Holley. Rosamond died after Billy Fred, leaving a will which was probated.

Subsequently, C.C. Grigg died testate, his will leaving the residuary of his estate to his remaining four sons and grand-daughter, share and share alike. At his death, C.C. Grigg also had an Edward D. Jones account containing a money market passport account and certificates of depos-

it. The Edward D. Jones account was subject to a Missouri agreement styled "NON–PROBATE TRANSFERS (TRANSFER ON DEATH) AGREE-MENT."

The agreement provided that, upon C.C. Grigg's death, the account would be divided among his five children evenly. The agreement contained an option which, if accepted, would allow the interest of a non-surviving child to pass to that beneficiary's children. This option was set out immediately below the designation of contingent beneficiaries. It stated as follows:

If one or more Contingent Beneficiaries predeceases the Owner or last surviving Owner, their shares shall be transferred to new Jones firm name accounts for the surviving Contingent Beneficiaries unless indicated here. If you wish the share of a predeceased Contingent Beneficiary to instead be divided equally among new Jones firm name accounts for the children of the predeceased Contingent Beneficiary ("beneficiary substitutes"), check box B. BOX B

C.C. Grigg did not elect this survivorship option in the agreement.

Appellees, C.C. Grigg's four surviving sons, brought a declaratory judgment action asking the court to determine that appellant did not receive any interest in the assets in the Edward D. Jones account. Both sides moved for summary judgment. At issue in this case is the applicability of TEX. PROB. CODE ANN. § 450 (Vernon 1980 & Supp.2001)[1] and the comparable

---

1. Section 450 provides in part:

(a) Any of the following provisions in an insurance policy, contract of employment, bond, mortgage, promissory note, deposit agreement, employees' trust, retirement account, deferred compensation arrangement, custodial agreement, pension plan, trust agreement, conveyance of real or personal property, securities, accounts with financial

institutions as defined in Part 1 of this chapter, or any other written instrument effective as a contract, gift, conveyance, or trust is deemed to be nontestamentary, and this code does not invalidate the instrument or any provision:

(1) that money or other benefits theretofore due to, controlled, or owned by a decedent shall be paid after his death to a per-

Missouri statute, MO. REV. STAT. § 461.001 (2000),[2] which provide for the disposition of assets subject to deposit agreements as nontestamentary. The trial court granted a summary judgment, holding that the Edward D. Jones account was a valid nontestamentary agreement and that appellant did not take under the terms of the agreement.

On appeal, appellant raises six points under her issues on appeal that the trial court erred in granting appellees' motion for traditional summary judgment. First, appellant argues that the transfer is an invalid testamentary transfer. Second, appellant urges that Texas law applies and that, under Texas law, the agreement is void. Third, appellant asserts that the agreement is ambiguous, making summary judgment improper. Fourth, appellant urges that the Texas Probate Code does not provide for transfers on death to more than one person. Fifth, appellant claims that appellees are estopped from denying that this account is a probate asset of C.C. Grigg. Sixth, appellant argues that there is evidence of a unilateral mistake by C.C. Grigg at the time he signed the agreement.

Because there are no material questions of fact and because the Edward D. Jones agreement is a valid contract and deemed to be nontestamentary, we affirm.

■ Summary judgment is appropriate in a declaratory judgment action when no material fact issues exist. *Hill v. Enerlex, Inc.*, 969 S.W.2d 120, 122 (Tex.App.—Eastland 1998, pet'n den'd); *Lee M. Bass, Inc. v. Shell Western E & P, Inc.*, 957 S.W.2d 159, 160 (Tex.App.—San Antonio 1997, no pet'n). When reviewing a traditional motion for summary judgment, the following standards apply: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. TEX.R.CIV.P. 166a; *Goswami v. Metropolitan Savings and Loan Association*, 751 S.W.2d 487, 491 (Tex.1988); *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 676 (Tex.1979).

■ In her first point, appellant argues that the transfer on death agreement is an invalid testamentary transfer based on *Hibbler v. Knight*, 735 S.W.2d 924 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). The court in *Hibbler* held that

son designated by the decedent in either the instrument or a separate writing, including a will, executed at the same time as the instrument or subsequently.

**2.** Section 461.001 provides in part:

Any of the following provisions in an insurance policy, contract of employment, bond, mortgage, promissory note, stock certificate, account agreement, custodial agreement, deposit agreement, compensation plan, pension plan, individual retirement plan, employee benefit plan, trust agreement, declaration of trust, conveyance or any other written instrument effective as a contract, gift, conveyance, or trust or to evidence ownership of the property is deemed to be nontestamentary, and exempt from the requirements of section 473.087, RSMo, and section 474.320, RSMo:

(1) That money or other benefits theretofore due to, controlled or owned by a decedent shall be paid after the decedent's death to a person or persons designated by the decedent in either the instrument or a separate writing, including a will, executed at the same time as the instrument or subsequently.

Section 450 of the Probate Code allows nontestamentary transfers of property, money, or "other benefits"; however, the court recognized that Section 450 would not permit the nontestamentary transfer of a person's entire estate. In the present case, there is no attempt to transfer an entire estate through a transfer on death agreement. Both Section 450 and Section 461.001 are based on UNIF. PROBATE CODE § 6–201. We believe the comments to Section 6–201 to be dispositive of this point. The comments to this section state:

This section authorizes a variety of contractual arrangements which have in the past been treated as testamentary. For example most courts treat as testamentary a provision in a promissory note that if the payee dies before payment is made the note shall be paid to another named person, or a provision in a land contract that if the seller dies before payment is completed the balance shall be cancelled and the property shall belong to the vendee. These provisions often occur in family arrangements. The result of holding the provisions testamentary is usually to invalidate them because not executed in accordance with the statute of wills. On the other hand the same courts have for years upheld beneficiary designations in life insurance contracts. Similar kinds of problems are arising in regard to beneficiary designations in pension funds and under annuity contracts. The analogy of the power of appointment provides some historical base for solving some of these problems aside from a validating statute. However, there appear to be no policy reasons for continuing to treat these varied arrangements as testamentary. The revocable living trust and the multiple-party bank accounts, as well as the experience with United States government bonds payable on death to named

beneficiaries, have demonstrated that the evils envisioned if the statute of wills is not rigidly enforced simply do not materialize. The fact that these provisions often are part of a business transaction and in any event are evidenced by a writing to eliminate the danger of "fraud."

Because the types of provisions described in the statute are characterized as nontestamentary, the instrument does not have to be executed in compliance with Section 2–502; nor does it have to be probated, nor does the personal representative have any power or duty with respect to the assets involved.

The sole purpose of this section is to eliminate the testamentary characterization from the arrangements falling within the terms of this section. It does not invalidate other arrangements by negative implication. Thus it is not intended by this section to embrace oral trusts to hold property at death for named persons; such arrangements are already generally enforceable under trust law.

Deposit agreements such as the Edward D. Jones account before us are the type of contract envisioned by the drafters of the Uniform Probate Code. The Edward D. Jones account is subject to Section 450 and, consequently, is nontestamentary.

■ In her second point, appellant urges that Texas law applies. The Edward D. Jones agreement specifically states that Missouri law will govern both the validity and effect of the agreement and refers specifically to the Nonprobate Transfers Law of Missouri. Parties to a contract can decide which law will apply, and the law of the state chosen will govern provided the transaction bears any reasonable relationship to the state chosen. See TEX. BUS. & COM. CODE ANN. § 1.105(a) (Vernon Supp.2001). The ap-

propriate statute to apply in this case is either the Texas statute, Section 450, or the Missouri statute, Section 461.001. These statutes are essentially the same. Consequently, the results are the same regardless of which state law is used.

■ In her third point, appellant asserts that the Edward D. Jones agreement is ambiguous. If a written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous, and the court will construe the contract as a matter of law. *Kelley-Coppedge, Inc. v. Highlands Insurance Company*, 980 S.W.2d 462, 464 (Tex. 1998); *Universal C.I.T. Credit Corp. v. Daniel*, 150 Tex. 513, 243 S.W.2d 154, 157 (1951). A contract, however, is ambiguous when its meaning is uncertain and doubtful or when it is reasonably susceptible to more than one meaning. *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 861 (Tex.2000). Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered. *Kelley–Coppedge, Inc. v. Highlands Insurance Company, supra* at 465.

The Edward D. Jones agreement provides the owner with an option. At his election, the owner may choose to distribute the assets to all of his children or to his surviving children. Appellant argues that this option makes the agreement ambiguous. We disagree. Simply because the owner has an option to elect the beneficiary on the account does not make the Edward D. Jones agreement reasonably susceptible to more than one meaning. The agreement is not ambiguous.

■ In her fourth point, appellant contends that the agreement is not valid under any relevant sections of the Texas Probate Code. Appellant states that the use of "person" in the singular in Section 450 relating to transfer on death agreements means that the transfer can only be to one person, instead of a group. However, according to TEX. GOV'T CODE ANN. § 312.003(b) (Vernon 1998),[3] "[t]he singular includes the plural and the plural includes the singular unless expressly provided otherwise." Likewise, MO. REV. STAT. § 1.030 (2000)[4] provides the same in application to Missouri statutes.

■ In her fifth point, appellant points out that her grandfather, C.C. Grigg, executed and listed in a sworn inventory and appraisement in the probate of the estate of her grandmother, Rosamond, the Edward D. Jones certificate of deposit account. Appellant argues that this fact is a judicial admission that the funds in the account should pass under the will of C.C. Grigg, estopping her uncles from asserting that the account is nontestamentary. A judicial admission is a formal waiver of proof that dispenses with the production of evidence on an issue and bars the admitting party from disputing it. *Lee v. Lee*, 43 S.W.3d 636, 641 (Tex.App.—Fort Worth 2001, no pet'n h.); *Dowelanco v. Benitez*, 4 S.W.3d 866, 871 (Tex.App.—Corpus Christi 1999, no pet'n). Appellant's uncles were not the declarants. Judicial admission would not apply in this case.

■ In her sixth point, appellant argues that the summary judgment evidence presents a fact issue as to whether

---

**3.** Section 312.003(b) provides that the singular includes the plural and the plural includes the singular unless expressly provided.

**4.** Section 1.030(2) provides:

When any subject matter, party or person is described or referred to by words importing the singular number or the masculine gender, several matters and persons, and females as well as males, and bodies corporate as well as individuals, are included.

C.C. Grigg made a unilateral mistake when he executed the Edward D. Jones agreement. Unless fraud is shown, a written contract will not be reformed in equity unless there is a mutual mistake of the parties. *Spellman v. American Universal Investment Company*, 687 S.W.2d 27, 31 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). A mutual mistake concerning a material fact does constitute a ground for avoiding a contract, but the mistake must be mutual rather than unilateral. *Earp v. First State Bank of Abilene*, 356 S.W.2d 178, 181 (Tex.Civ.App.—Eastland 1962, writ ref'd n.r.e.). However, a unilateral mistake does not provide grounds for relief even if this results in inequity to one of the parties. See *Turberville v. Upper Valley Farms, Inc.*, 616 S.W.2d 676, 678 (Tex.Civ. App.—Corpus Christi 1981, no writ).

We have reviewed and overruled each of the points under appellant's issues on appeal. The judgment of the trial court is affirmed.