
 

# OPINION

No. 04-08-00554-CV

Barbara Jane **IRWIN**,
Appellant

v.

Mike **IRWIN**, As Representative of the Estate of Richard Lee Irwin,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 11399
Honorable Stephen B. Ables, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed: November 25, 2009

REVERSED AND REMANDED

This is an appeal from a summary judgment rendered in favor of the Estate of Richard Lee Irwin. Because we conclude the estate does not have standing to pursue its claim against appellant, we reverse and remand.

**BACKGROUND**

Appellant, Barbara Jane Irwin, and the decedent, Richard Lee Irwin, were married while Richard was employed by the Drug Enforcement Agency ("DEA"). As an employee of the DEA, Richard participated in a life insurance program called the Federal Employees Group Life Insurance Program ("FEGLIP"), which is governed by the Federal Employees Group Life Insurance Act ("FEGLIA"). Richard designated Barbara as his primary beneficiary and his sons from a prior marriage, Mike and John, as his contingent beneficiaries. Richard retired in 1995, and he elected to receive reduced FEGLIA life insurance coverage. In 2006, Richard and Barbara divorced, and the Agreed Divorce Decree awarded Richard any and all policies insuring his life. During the pendency of the divorce, Richard signed a new will in which he stated he had filed for divorce in April 2005 and it was his "specific intent not to provide for [Barbara] in this will and to give [his] entire estate . . . to [Mike and John] . . . ." However, Richard never changed the designation of his life insurance beneficiaries. Richard died on April 11, 2007. Pursuant to his beneficiary designation, the Office of Personnel Management paid the proceeds of Richard's FEGLIP policy to Barbara.

In July 2007, Mike, as representative of Richard's estate, sued Barbara to recover the proceeds and have her designated a constructive trustee of the proceeds for the benefit of Richard's estate. In November 2007, Mike, as representative of Richard's estate, moved for summary judgment. One month later, Barbara also moved for summary judgment. In January 2008, an amended plaintiffs' petition was filed, adding Mike and John individually as plaintiffs. On March 31, 2008, the trial court denied Barbara's motion for summary judgment, granted the estate's motion for summary judgment, and decreed that "all life insurance proceeds paid to [Barbara] from

[Richard's FEGLIP policy] are the sole and separate property of the Estate of Richard Lee Irwin" and "that a constructive trust, in favor of the [estate] is placed upon all life insurance proceeds received by [Barbara] from [Richard's FEGLIP policy]." On July 15, 2008, the trial court signed a final judgment incorporating the terms of its March 31, 2008 summary judgment, awarding the estate attorney's fees and post-judgment interest, ordering that Barbara take nothing in the suit, and granting Mike and John's request for a nonsuit of their claims against Barbara without prejudice.

Barbara filed this appeal. One of the issues on appeal is whether Barbara waived her right to the insurance proceeds based upon language contained in Richard and Barbara's Agree Final Decree of Divorce that provides Barbara "is divested of all right, title and claim in and to . . . [a]ll policies of life insurance (including cash values) insuring [Richard's] life . . . ."

**STANDING**

As a preliminary matter, we must first determine whether Richard's estate has standing to pursue a claim against Barbara for a constructive trust on Richard's life insurance proceeds when the estate is not a designated beneficiary of the insurance proceeds. *See Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 517 n.15 (Tex. 1995) (holding standing is a component of subject matter jurisdiction and may be raised by an appellate court sua sponte).

"Proceeds of an insurance policy are by statutory definition nontestamentary in nature." *Tramel v. Estate of Billings*, 699 S.W.2d 259, 262 (Tex. App.—San Antonio 1985, no writ); *see also Patrick v. Patrick*, 182 S.W.3d 433, 438 (Tex. App.—Austin 2005, no pet.) (stating "life-insurance policies are non-probate assets and are generally transferred upon the death of the decedent through the terms of the policy, not a will"); *see also* TEX. PROB. CODE ANN. § 450(a) (Vernon 2003).

Because an insurance policy is statutorily characterized as nontestamentary, "the instrument does not . . . have to be probated, nor does the personal representative have any power or duty with respect to the assets involved." *Holley v. Grigg*, 65 S.W.3d 289, 293 (Tex. App.—Eastland 2001, no pet.) (quoting with approval, UNIF. PROBATE CODE 6-201 cmt. (1997)). "It is plain the right to the proceeds does not accrue as a testamentary right to those who will take under the laws of descent and distribution." *Tramel*, 699 S.W.2d at 262.

FEGLIA provides that life insurance policy proceeds be paid under the following order of precedence: first, "*to the beneficiary or beneficiaries designated by the employee* in a signed and witnessed writing received before death in the employing office"; second, "if there is no designated beneficiary, to the widow or widower of the employee"; third, "if none of the above, to the child or children of the employee and descendants of deceased children by representation"; fourth, "if none of the above, to the parents of the employee or the survivor of them"; fifth, "*if none of the above, to the duly appointed executor or administrator of the estate of the employee*"; and sixth, "if none of the above, to other next of kin of the employee entitled under the laws of the domicile of the employee at the date of his death." 5 U.S.C. § 8705(a) (emphasis added).

Here, there is no dispute that Barbara, Mike, and John are the only designated beneficiaries under Richard's life insurance policy. Even if an argument could be made that the estate had standing to enforce the terms of the divorce decree, the estate was not a designated beneficiary under the insurance policy and had no legal claim to the proceeds of the policy. For these reasons, we conclude Richard Irwin's estate does not have standing to pursue a lawsuit against Barbara for the proceeds. As contingent beneficiaries of the policy, Mike and John are the proper plaintiffs.

Although Mike and John were still parties to the suit when the trial court rendered summary judgment against Barbara, the trial court's judgment ordered a constructive trust in favor of Richard Irwin's estate. Therefore, the trial court's judgment improperly awarded the proceeds to the estate.

## CONCLUSION

For these reasons, we reverse the trial court's judgment in favor of the Estate of Richard Irwin and we remand the cause to the trial court for further proceedings.

Sandee Bryan Marion, Justice