Estate of Ronald Ray Wallis









NO. 12-07-00022-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN THE ESTATE OF                                   §                      APPEAL
FROM THE 

 

RONALD RAY WALLIS,                             §                      COUNTY
COURT AT LAW

 

DECEASED                                                  §                      ANDERSON COUNTY, TEXAS







            MEMORANDUM
OPINION ON REHEARING

            Valerie
A. Lewis has filed a motion for rehearing, which is overruled.  We withdraw our
opinion of February 26, 2010 and substitute the following opinion in its place.

Lewis
appeals the trial court’s order setting aside an order probating a will and authorizing
letters testamentary.  On appeal, she presents four issues.  We dismiss in
part, and affirm in part.

 

Background

On
July 20, 2004, Ronald Ray Wallis signed several documents, including a will in
which he named Lewis as his independent executrix and bequeathed his residuary
estate to her (Will 1); a statutory durable power of attorney appointing Lewis
as his attorney in fact; and two Wal-Mart forms designating Lewis as the
beneficiary of his profit sharing/401(k) plan and life insurance policy.  Approximately
eight months later, Wallis signed three new documents: a will that named Richard
L. Shomaker as his independent executor and bequeathed all of his property to
David R. Lomax (Will 2); and two Wal-Mart forms designating Lomax as the
beneficiary of his profit sharing/401(k) plan and life insurance policy. 

            Contrary
to Wallis’s specific instructions, a Wal-Mart employee informed Lewis that
Wallis had changed the beneficiary of his profit sharing/401(k) plan and life
insurance policy. On April 14, 2005, without communicating with Wallis or ever
informing him of her actions, Lewis executed two Wal-Mart forms, designating
herself as the beneficiary of Wallis’s profit sharing/401(k) plan and life
insurance policy.  Wallis
died on December 4, 2005.  On December 19, 2005, Lewis filed an
application for the probate of Will 1 and issuance of letters testamentary.  On
January 17, 2006, the county court signed an order admitting Will 1 to probate,
appointing Lewis as independent executrix, and authorizing letters
testamentary.

            On
January 26, 2006, Shomaker filed an application to set aside the January 17,
2006 order probating Will 1, and an application for the probate of Will 2 and issuance
of letters testamentary.  He also filed a motion to transfer the case to the county
court at law, which was granted.  On April 12, 2006, Lomax and Shomaker sued
Lewis in the district court, asserting that Lewis’s changing the beneficiary of
the profit sharing/401(k) plan and life insurance policy was outside the scope
of authority granted by the power of attorney, constituted a breach of her
fiduciary duty to Wallis and fraud, and resulted in Lewis’s unjust enrichment.  Lomax
and Shomaker requested that the new beneficiary designation forms be declared void
and set aside, and that a constructive trust be imposed on the funds. 

            Following
a bench trial, the trial court filed an order setting aside the order probating
Will 1 and authorizing letters testamentary. The trial court found that
Will 2 was a valid will that had not been revoked, admitted Will 2 to probate,
and appointed Shomaker as the independent executor of Will 2 and Wallis’s
estate.  Further, the trial court ordered that the January 17, 2006 order
probating Will 1 and authorizing letters testamentary be set aside, and that the
letters testamentary issued to Lewis be revoked and canceled.  The trial court
also declared that the beneficiary designation forms signed by Lewis on April
14, 2005 were void, and ordered that they be set aside.  Finally, the trial
court ordered that a constructive trust be imposed on the funds from Wallis’s profit
sharing/401(k) plan and life insurance policy, and that those funds together
with all accrued interest be awarded to Lomax.[1]
 This appeal followed.

 

Standing

            In her second issue, Lewis
questions Shomaker’s and Lomax’s standing to seek the imposition of a
constructive trust, stating that it is unclear how the fiduciary relationship
between her and Wallis “vest[ed] or somehow pass[ed]” to Shomaker and Lewis. 
She did not raise this issue in the trial court.  

Subject
matter jurisdiction is an issue that may be raised for the first time on
appeal, and may not be waived by the parties.  Tex. Ass’n
of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993).
Standing is a component of subject matter jurisdiction; therefore, standing
cannot be waived and may be raised for the first time on appeal. Id .  Moreover, we must ascertain that subject matter jurisdiction exists even
if the parties have not questioned it.  Univ. of Tex. Sw. Med. Ctr. v.
Loutzenhiser, 140 S.W.3d 351, 358 (Tex. 2004), superseded by statute
on other grounds, Tex. Gov’t Code
Ann. § 311.034 (Vernon Supp. 2008).  Consequently, we must determine
whether Shomaker and Lomax had standing to sue for imposition of a constructive
trust.

Applicable
Law

We
apply common law standing requirements to determine whether a party has
standing to sue for imposition of a constructive trust. Everett v.
TK-Taito, L.L.C., 178 S.W.3d 844, 859 (Tex. App.–Fort Worth 2005, no pet.).
Therefore, we are concerned with whether Shomaker and Lomax pleaded an injury
that can be redressed through an equitable action for a constructive trust. See
id.  We are also concerned with whether the conduct attributed to
Lewis is the type of unfair conduct that supports an action for a constructive
trust. See id. at 860; see also Fitz-Gerald v. Hull,
150 Tex. 39, 50-51, 237 S.W.2d 256, 262-63 (1951). 

Proceeds
of an insurance policy are by statutory definition nontestamentary in nature. Tex. Prob. Code Ann. § 450 (Vernon
2003); In re Stafford, 244 S.W.3d 368, 369 (Tex. App.–Beaumont
2008, no pet.).  Insurance policies, retirement accounts, and pension plans are
deemed to be nontestamentary if they contain provisions that money controlled
or owned by a decedent shall be paid after his death to a person designated by
the decedent in either the instrument or a separate writing, including a will,
executed at the same time as the instrument or subsequently.  Tex. Prob. Code Ann. § 450(a)(1)
(Vernon 2003). Because insurance policies, retirement accounts, and pension
plans are nontestamentary, there is no instrument relating to them that must be
probated nor does the personal representative of a decedent’s estate have any
power or duty with respect to the assets involved. Holley v. Grigg,
65 S.W.3d 289, 293 (Tex. App.—Eastland 2001, no pet.). Nor does the right to
funds from insurance policies, retirement accounts, and pension plans accrue as
a testamentary right to those who will take under the laws of descent and
distribution. Tramel v. Estate of Billings, 699 S.W.2d 259, 262
(Tex. App.—San Antonio 1985, no writ). 

It
is well established that the beneficiary of a life insurance policy has at
least an estate in anticipation sufficient to authorize the beneficiary to
raise the issue of the decedent’s mental capacity to change the beneficiary designation. 
Westbrook v. Adams, 17 S.W.2d 116, 120 (Tex. Civ. App.–Fort Worth
1929), aff=d
sub nom., Adams v. Bankers=
Life Co., 26 S.W.2d 182 (Tex. Comm=n
App. 1931, holding approved).  Almost seventy years after Westbrook,
the Waco Court of Appeals held that equity may entertain jurisdiction of a suit
by an original beneficiary of a life insurance policy to set aside a decedent’s
change to another beneficiary on the ground of undue influence and to enjoin
the payment of the policy to the latter.  Cobb v. Justice, 954
S.W.2d 162, 167-68 (Tex. App.–Waco 1997, pet. denied) (quoting 4 Lee R. Russ & Thomas F. Segalla, Couch on
Insurance § 60:72, at 60-132 to 60-134 (3d ed. 1996)); see also Tomlinson
v. Jones, 677 S.W.2d 490, 492-93 (Tex. 1984) (former beneficiary of
life insurance policy has right to contest change of beneficiaries on ground
that deceased insured was incompetent at time change was executed).  And a
constructive trust is available as a remedy when a beneficiary designation has
been wrongfully changed. See Hudspeth v. Stoker, 644 S.W.2d 92,
95-96 (Tex. App.—San Antonio 1982, writ ref’d) (trial court justified in
imposing constructive trust on life insurance proceeds where decedent had
changed beneficiary designation in violation of property settlement agreement
in divorce).  An assertion that a person wrongfully changed a beneficiary
designation form is a distinct legal claim arising from a set of circumstances
separate from a challenge to a will.  Kongs v. Harmon, No.
03-97-00444-CV, 1998 WL 394177, at *2 (Tex. App.–Austin July 16, 1998,
pet. denied) (not designated for publication). 

Analysis

Regarding
Shomaker’s standing, the funds from Wallis’s profit sharing/401(k) plan and
life insurance policy were nontestamentary. See Tex. Prob. Code Ann. § 450(a)(1). There is no dispute that Shomaker,
as the executor of Will 2, was not a designated beneficiary of either the
profit sharing/401(k) plan or the life insurance policy. As such, Shomaker has
no legal claim to the funds. See Irwin v. Irwin, No.
04-08-00554-CV, 2009 WL 4153970, at *2 (Tex. App.—San Antonio Nov. 25, 2009, no
pet. h); Holley, 65 S.W.3d at 293; Tramel, 699
S.W.2d at 262.  Therefore, Shomaker did not have standing to file a suit for
imposition of a constructive trust.

Lomax,
however, was Wallis’s designated beneficiary.  As such, he had at least an
estate in anticipation in the proceeds from Wallis’s profit sharing/401(k) plan
and life insurance policy. See Westbrook, 17 S.W.2d at 120.  This
interest is sufficient to authorize Lomax, the original beneficiary, to
challenge the later change of the beneficiary designation.  See id. 
Because he alleged that he was wrongfully deprived of those proceeds by Lewis’s
attempt to substitute herself as beneficiary, Lomax has pleaded an injury that
can be redressed through an action for a constructive trust. See Hudspeth,
644 S.W.2d at 95‑96; Cobb, 954 S.W.2d at 167-68.  A court of
equity has jurisdiction to reach the property in the hands of a wrongdoer
whenever legal title to property has been obtained through fraud,
misrepresentations, concealments, or under similar circumstances that render it
unconscionable for the holder of legal title to retain the interest.  See Fitz-Gerald,
237 S.W.2d at 262-63.  Thus, the conduct attributed to Lewis is the type of
unfair conduct that supports the imposition of a constructive trust.  See
id.  Consequently, Lomax has standing to file suit as the prior
beneficiary of the profit sharing/401(k) plan and life insurance policy.[2]

We
sustain Lewis’s second issue as to Shomaker’s standing.

 

Beneficiary Designation Forms

            In
her second issue, Lewis contends that the trial court erred in declaring void
and setting aside the April 14, 2005 beneficiary designation forms relating to
Wallis’s profit sharing/401(k) plan and life insurance policies.  Lomax contends
that a power of attorney does not empower the agent to act with impunity for
her own benefit.

Applicable
Law

            A
constructive trust is a legal fiction, a creation of equity to prevent a
wrongdoer from profiting from her wrongful acts.  Procom Energy, L.L.A.
v. Roach, 16 S.W.3d 377, 381 (Tex. App.–Tyler 2000, pet. denied).  Such
trusts are remedial in character and have the broad function of redressing
wrong or unjust enrichment in keeping with basic principles of equity and
justice. Id.; see also Hubbard v. Shankle, 138
S.W.3d 474, 485 (Tex. App.–Fort Worth 2004, pet. denied).  To obtain a
constructive trust, the proponent must prove (1) the breach of a special trust,
fiduciary relationship, or actual fraud; (2) unjust enrichment of the
wrongdoer; and (3) tracing to an identifiable res.  Troxel v. Bishop,
201 S.W.3d 290, 297 (Tex. App.–Dallas 2006, no pet.); Hubbard,
138 S.W.3d at 485.  A constructive trust is a relationship with respect to
property, subjecting the person by whom the title to the property is held to an
equitable duty to convey it to another on the ground that her acquisition or
retention of the property is wrongful and that she would be unjustly enriched
if she were permitted to retain the property.  Baker Botts, L.L.P. v.
Cailloux, 224 S.W.3d 723, 736 (Tex. App.–San Antonio 2007, pet. denied)
(quoting Talley v. Howsley, 142 Tex. 81, 86, 176 S.W.2d 158, 160
(1943)).  Whether a constructive trust should be imposed at all is within the
discretion of the trial court.  Troxel, 201 S.W.3d at 297; Hubbard,
138 S.W.3d at 485.  The proponent of a constructive trust must strictly prove
the elements necessary for the imposition of the trust.  Troxel,
201 S.W.3d at 297; Hubbard, 138 S.W.3d at 485. 

A
fiduciary duty applies to any person who occupies a position of peculiar
confidence towards another.  Johnson v. Brewer & Pritchard,
73 S.W.3d 193, 199 (Tex. 2002).  The appointment of an attorney in fact creates
an agency relationship. Sassen v. Tanglegrove Townhouse Condominium
Assoc., 877 S.W.2d 489, 492 (Tex. App.–Texarkana 1994, writ denied). 
An agency creates a fiduciary relationship as a matter of law.  Id .  A fiduciary owes her principal a high duty of good faith, fair
dealing, honest performance, and strict accountability.  Id. 

Similarly,
the Texas Probate Code states that an attorney in fact is a fiduciary and has a
duty to inform and to account for actions taken pursuant to the power of
attorney.  Tex. Prob. Code Ann. §
489B(a) (Vernon 2003).  The attorney in fact shall timely inform the principal
of all actions taken pursuant to the power of attorney.  Tex. Prob. Code Ann. § 489B(b) (Vernon
2003).  Regarding insurance transactions and retirement plan transactions, an
attorney in fact has the power to designate the beneficiary of a contract. Tex. Prob. Code Ann. §§ 498(4), 503(3)
(Vernon 2003).   But an attorney in fact or agent may be named as a beneficiary
of the contract only to the extent the attorney in fact or agent was named as a
beneficiary under a contract procured by the principal before executing the
power of attorney. Id.

Several
courts in this state and courts in at least two other states have held that an
attorney in fact owes an affirmative duty to fully disclose to the fiduciary
all material facts relating to actions taken pursuant to the power of
attorney.  See Kinzbach Tool Co., Inc. v. Corbett-Wallace Corp.,
138 Tex. 565, 573, 160 S.W.2d 509, 513-14 (1942) (determining that employee, as
fiduciary, had duty to fully disclose to employer all facts and circumstances
concerning his dealings with another company involved in transaction with
employer); Bright v. Addison, 171 S.W.3d 588, 597 (Tex.
App.–Dallas 2005, pet. denied) (stating that fiduciary has affirmative duty to
make full and accurate confession of all fiduciary activities, transactions,
profits, and mistakes); Ball v. Posey, 222 Cal. Rptr. 746, 749
(Cal. Ct. App. 1986) (noting that trustee, as fiduciary, has affirmative duty
to render full and fair disclosure to beneficiary of all facts that materially
affect his rights and interests and that this duty was an affirmative one); Testa
v. Roberts, 542 N.E.2d 654, 659 (Ohio Ct. App. 1988) (stating that
fiduciary status imposes upon agent an affirmative duty to inform principal of
all facts relating to subject matter of agency).  A failure to do so is a
breach of fiduciary duty.  See Uzzell v. Roe, No. 03-06-00402-CV,
2009 WL 1981389, at *4 (Tex. App.–Austin July 8, 2009, no pet.) (mem. op.)
(holding that trustee failed and refused to provide account of trust
transactions and wholly failed to communicate with beneficiary, thus breaching
his fiduciary duty); Lee v. Hasson, 286 S.W.3d 1, 27 (Tex.
App.–Houston [14th Dist.] 2007, pet. denied) (holding that financial advisor
failed to disclose all important information to person to whom he owed a
fiduciary duty, thereby breaching his fiduciary duty).

When
written findings of fact and conclusions of law are not filed, we must affirm
the trial court’s decision on any legal theory finding support in the evidence.
 Tex. Dep’t of Pub. Safety v. Wilmoth, 83 S.W.3d 929, 931 (Tex. App.–Amarillo 2002, no pet.).  Oral pronouncements by the trial court that allegedly
explain its decision cannot be substituted for those absent findings of fact
and conclusions of law.  Id.  Moreover, we are not permitted to
consider those oral comments.  Id. (citing In re W.E.R.,
669 S.W.2d 716, 717 (Tex. 1984)). Analysis

            As
noted above, on July 20, 2004, Wallis signed a statutory durable power of
attorney appointing Lewis as his attorney in fact, which became effective
immediately, and two Wal-Mart forms designating Lewis as the beneficiary of his
profit sharing/401(k) plan and life insurance policy.  According to its terms,
the power of attorney authorized Lewis to act for Wallis in any lawful way with
respect to certain types of transactions including Wallis’s estate, trust, and
other beneficiary transactions, retirement plan transactions, and insurance and
annuity transactions.  Approximately eight months later, Wallis executed two
new Wal-Mart forms designating Lomax as the beneficiary of the plan and policy.
 Contrary to Wallis’s specific instructions, a Wal-Mart employee informed Lewis
that Wallis had changed the beneficiary of his profit sharing/401(k) plan and
life insurance policy.  On April 14, 2005, without communicating with Wallis,
Lewis executed two Wal-Mart forms, designating herself as beneficiary of the
plan and policy.  The
trial court declared both beneficiary designation forms signed on April 14 void
and set them aside.  Further, the trial court ordered that a constructive trust
be imposed on the funds interpleaded into the registry of the court
representing payments pursuant to Wallis’s profit sharing/401(k) plan and life
insurance policy.  

            Although
the trial court orally stated its reasons for the judgment, those reasons were
not included in the judgment nor did the trial court file findings of fact and
conclusions of law.  See Wilmoth, 83 S.W.3d at 931.  Thus, we
must ignore the oral pronouncements by the trial court and affirm the trial
court’s decision on any legal theory finding support in the evidence.  See id.
In his pleadings, Lomax requested that a constructive trust be imposed on the
funds made the basis of the suit as a result of Lewis’s breach of fiduciary
duty and unjust enrichment.  Regarding the first element of a constructive
trust, Lomax was required to prove that Lewis breached a special trust or
fiduciary relationship, or committed actual fraud.  See Troxel,
201 S.W.3d 297; Hubbard, 138 S.W.3d at 485.  Lewis had a special
trust or fiduciary relationship with Wallis as his attorney in fact through the
power of attorney.  Lewis had the authority through her power of attorney to
make beneficiary transactions.  See also Tex. Prob. Code Ann. §§ 498(4), 503(3) (providing that an
attorney in fact has the authority to designate the beneficiary of an insurance
or retirement plan transaction). Although Lewis, as Wallis’s attorney in fact,
named herself as the beneficiary, she had the power to do so because she had
been named as beneficiary under the contracts before Wallis executed the power
of attorney.  See id. 

However,
as Wallis’s attorney in fact, Lewis had certain duties as a fiduciary,
including the duty of full and complete disclosure, and the duty to act with
integrity, fidelity, and good faith.  See Tex. Prob. Code Ann. § 489B(a), (b); Johnson,
73 S.W.3d at 199; Montgomery v. Kennedy, 669 S.W.2d 309, 313
(Tex. 1984).  Here, Lewis admitted that she did not inform Wallis that she
changed the beneficiaries of his profit sharing/401(k) plan and life insurance
policy even though she had approximately eight months before his death to do
so.  In fact, she admitted that the last time she spoke to Wallis prior to his
death on December 4, 2005 was in March 2005.  As Wallis’s attorney in fact,
Lewis had an affirmative duty to fully disclose all of the actions she took
pursuant to the power of attorney.  See Kinzbach Tool Co., Inc., 160
S.W.2d at 573; Bright, 171 S.W.3d at 597.  Because Lewis failed
to inform Wallis that she changed the beneficiaries, particularly in light of
his naming Lomax immediately prior to Lewis’s action, she breached her
fiduciary duty to him.  See Uzzell, 2009 WL 1981389, at *4; Lee,
286 S.W.3d at 27.  Thus, Lomax satisfied the first element for a constructive
trust.

Regarding
the second element, Lomax was required to prove that Lewis, as the wrongdoer,
was unjustly enriched.  See Troxel, 201 S.W.3d at 297; Hubbard,
138 S.W.3d at 485.  Lewis failed to inform Wallis that she changed the
beneficiary designation forms, thereby regaining her status as the beneficiary
of Wallis’s profit sharing/401(k) plan and life insurance policy.  However, the
policy against unjust enrichment mandates that Lewis not be allowed to retain
the funds from the plan and insurance policy because she obtained the funds as
a result of her breach of fiduciary duty.  See Ginther v. Taub,
675 S.W.2d 724, 728 (Tex. 1984).  Further, the third element of a constructive
trust requires that there be an identifiable res.  See Troxel,
201 S.W.3d at 297; Hubbard, 138 S.W.3d at 485.  Here, the
funds representing payments pursuant to Wallis’s profit sharing/401(k) plan and
life insurance policy were interpleaded into the registry of the court and are,
thus, readily identifiable.  Thus, Lomax satisfied the second and third
elements for a constructive trust.

Because
Lomax proved all three elements necessary to obtain a constructive trust, the
trial court did not abuse its discretion in declaring void and setting aside
the April 14, 2005 Wal‑Mart beneficiary designation forms, and imposing a
constructive trust on the proceeds of Wallis’s profit sharing/401(k) plan and life
insurance policy.  Accordingly, Lewis’s second issue is overruled.

 

Motion for Judgment

            In
her fourth issue, Lewis argues that the trial court erred by failing to grant
her motion for judgment.  More specifically, she contends that Lomax and
Shomaker failed to carry their burden of proof regarding the invalidity of Will
1 and the validity of Will 2.

Applicable
Law

            When
a defendant files a motion for judgment in a nonjury trial, the trial court has
the authority to rule on both the legal and factual sufficiency of the
plaintiff’s evidence after hearing only the plaintiff’s evidence.  Quantel
Bus. Sys., Inc. v. Custom Controls Co., 761 S.W.2d 302, 304 (Tex.
1988); Ashcreek Homeowner’s Ass’n v. Smith, 902 S.W.2d 586, 587 (Tex.
App.–Houston [1st Dist.] 1995, no writ).  On appeal, the legal and factual sufficiency
of the evidence to support the judgment can be challenged as in any other
nonjury case.  Ashcreek Homeowner’s Ass’n, 902 S.W.2d at 587.  

However,
an appellant’s brief must contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record.  Tex. R. App. P. 38.1(i).  We must
interpret this requirement reasonably and liberally. San Saba Energy,
L.P. v. Crawford, 171 S.W.3d 323, 338 (Tex. App.–Houston [14th Dist.]
2005, no pet.).  A party asserting error on appeal must put forth some specific
argument and analysis showing that the record and the law support her
contentions.  Id.

Analysis

In
her brief, Lewis states the basis of her motion for judgment, and that the
trial court denied the motion without a response from Shomaker or Lomax.  After
citations to authority, Lewis makes a brief, conclusory statement that the
trial court erred in denying her motion for judgment, and that its actions were
based on legally and factually insufficient evidence.  Even under a liberal
construction, these two statements are not sufficient to articulate a clear and
concise argument as to why we should reverse the trial court’s judgment.  See
id.  Because Lewis’s brief fails to contain a clear and
concise argument for her contentions, she has waived appellate review of this
issue. Accordingly, Lewis’s fourth issue is overruled.

 

Motion for Continuance

            In
her first issue, Lewis argues that the trial court abused its discretion by
denying her request for a continuance until discovery could be completed. 

Applicable
Law

When
reviewing a trial court’s order denying a motion for continuance, we consider
on a case by case basis whether the trial court committed a clear abuse of
discretion.  Joe v. Two Thirty Nine J.V., 145 S.W.3d 150, 161 (Tex. 2004).  A trial court abuses its discretion when it reaches a decision so arbitrary
and unreasonable as to amount to a clear and prejudicial error of law.  Id .  We consider the following nonexclusive factors when deciding whether a
trial court abused its discretion in denying a motion for continuance seeking
additional time to conduct discovery: (1) the length of time the case has been
on file; (2) the materiality and purpose of the discovery sought; and (3)
whether the party seeking the continuance has exercised due diligence to obtain
the discovery sought.  Id.  If the ground of a motion for
continuance is the want of testimony, the movant shall make an affidavit (1) that
such testimony is material, (2) showing the materiality of such testimony, (3)
that she has used due diligence to procure such testimony, stating the
diligence shown and the cause of the failure to procure the testimony, if
known, and (4) that such testimony cannot be procured from any other source.  Tex. R. Civ. P. 252. 

Ordinarily,
diligence to procure the testimony of a witness is the issuance and service of
a subpoena within a sufficiently reasonable time before trial to enable the
witness to appear or by taking depositions.  J.C. Penney Co. v. Duran,
479 S.W.2d 374, 380 (Tex. Civ. App.–San Antonio 1972, writ ref=d n.r.e.).  The failure of
a litigant to diligently utilize the rules of civil procedure for discovery
purposes will not authorize the granting of a continuance.  State v. Wood
Oil Distr., Inc., 751 S.W.2d 863, 865 (Tex. 1988). 

Analysis

            Lewis
alleged two grounds in her motion for continuance.  First, she alleged that Lomax
had not produced information requested during his October 17, 2006 deposition,
and asked the trial court to compel the production of Lomax’s cancelled checks
used to pay Wallis’s medical providers and to make payments on Wallis’s leased
vehicle.  However, the record does not show that Lewis filed a motion to compel
these documents.  See BMC Software Belgium N.V. v. Marchand, 83
S.W.3d 789, 800-01 (Tex. 2002) (concluding that record did not reveal plaintiff
had ever filed motion to compel or otherwise attempted to obtain any discovery
not provided and, thus, trial court did not abuse discretion in denying motion
for continuance); Barron v. Vanier, 190 S.W.3d 841, 851 (Tex.
App.–Fort Worth 2006, no pet.) (stating that failure to file motion to compel
discovery or otherwise attempt to obtain items objected to may indicate lack of
diligence).  By failing to file a motion to compel this discovery, Lewis
displayed a lack of due diligence. 

            Second,
Lewis alleged that she needed additional time to obtain evidence revealed
during depositions on October 17, 2006, specifically medical records and/or
deposition testimony of physicians and two Wal-Mart employees who had knowledge
regarding allegations that Wallis was mentally competent. A party requesting additional time for
discovery must comply with rule 252 under oath.  See Hatteberg v.
Hatteberg, 933 S.W.2d 522, 527 (Tex. App.–Houston [1st Dist.] 1994, no
writ).  This includes the requirement to show due diligence.  See id. 
Here, Shomaker’s application to set aside the order probating Will 1 was filed
January 26, 2006, and the petition in district court was filed April 12, 2006.  Lewis
stated in her motion that she propounded a request for disclosure to Shomaker
and Lewis attempting to secure the identity of persons having knowledge of
relevant facts.  She attached her request and Shomaker and Lomax’s response
dated March 21 to her motion.  On August 22, 2006, the attorneys for the
parties agreed to a November 8 bench trial.  Lewis did not file additional
discovery requests until September 28.  According to Shomaker’s attorney at the
hearing on the motion for continuance, Lewis did not request depositions until
October, and the witnesses were made available on October 17.  

            Although Lewis filed an
initial discovery request early in the case, she did not request additional
discovery or attempt to depose witnesses until one month after the attorneys agreed
on a trial date, which was approximately three weeks before trial.  A last
minute attempt at discovery does not indicate due diligence.  See Hatteberg,
933 S.W.2d at 526-27.  Further, a party who does not diligently utilize the
procedures for discovery can seldom claim reversible error when the trial court
refuses a continuance.  See id. at 527.  Because Lewis did
not file discovery requests or depose witnesses until one month after the attorneys
agreed on a trial date and approximately three weeks before trial, she has
failed to show due diligence in procuring the discovery.  Thus, the trial court
did not abuse its discretion in denying Lewis’s second motion for continuance.

            Additionally, in an attempt to
demonstrate due diligence regarding depositions and discovery, Lewis attached
four letters to her appellate brief that were part of the correspondence
between the attorneys in the case.  She also attached a
notice of written discovery stating that she had served Shomaker and Lomax
requests for disclosure, admissions, interrogatories, and requests for
production on February 27, 2006.  None of these documents appear in the record.
We must determine a case on the
record as filed, and may not consider the documents attached as exhibits to Lewis’s appellate brief.  See
Till v. Thomas, 10 S.W.3d 730, 733 (Tex. App.–Houston [1st Dist.]
1999, no pet.).  Additionally, Lewis argues that the discovery period,
triggered by the filing of discovery requests in February 2006, had not yet
expired pursuant to rule 190.3(b)(1)(B)(ii) of the Texas Rules of Civil
Procedure.  However, she did not assert this in her motion as a ground for
continuance.  As a prerequisite to presenting a complaint for appellate review,
the record must show that the complaint was made to the trial court by a timely
request, objection, or motion that stated the grounds for the ruling that the
complaining party sought with sufficient specificity to make the trial court
aware of the complaint.  Tex. R. App. P.
33.1(a)(1)(A).  Because Lewis did not assert that the discovery period
had not expired as a ground for her motion for continuance, she has waived this
argument.

            Lewis’s
first issue is overruled.

 

Expert Testimony

            In
her third issue, Lewis argues that the trial court erred in excluding the expert
testimony of Denise Jarrett regarding the genuineness of Wallis’s signature on
the beneficiary designation forms.  Lomax and Shomaker contend that Lewis
failed to plead that these signatures were forgeries.

Applicable
Law

The
exclusion of evidence, including expert testimony, is committed to the trial
court=s sound
discretion. Texas Dep’t of Transp. v Able, 35 S.W.3d 608, 617 (Tex. 2000); Buls v. Fuselier, 55 S.W.3d 204, 208 (Tex. App.–Texarkana 2001,
no pet.).   The trial court abuses its discretion when its ruling is arbitrary,
unreasonable, or without reference to any guiding rules or legal principles.  Buls,
55 S.W.3d at 208.  For an expert’s testimony to be admissible under rule 702 of
the Texas Rules of Evidence, the expert must be qualified, and the expert’s
opinion must be relevant to the issues in the case and based upon a reliable
foundation.  Tex. R. Evid. 702; Exxon
Pipeline Co. v. Zwahr, 88 S.W.3d 623, 628 (Tex. 2002); E.I. du
Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 556 (Tex. 1995).  The requirement that the proposed testimony be relevant incorporates
traditional relevancy analysis under rules 401 and 402 of the Texas Rules of
Civil Procedure.  Robinson, 923 S.W.2d at 556.  To be relevant,
the proposed testimony must be “sufficiently tied to the facts of the case that
it will aid the [fact finder] in resolving a factual dispute.”  Id . (quoting United States v. Downing, 753 F.2d 1224, 1242
(3d Cir. 1985)).  Evidence that has no relationship to any of the issues in the
case is irrelevant and does not satisfy the rule 702 requirement that the
testimony be of assistance to the fact finder.  Id. 

A
party must specifically plead an affirmative defense or it is waived.  Tex. R. Civ. P. 94; Kinnear v. Texas Comm’n on Human Rights, 14 S.W.3d 299, 300 (Tex. 2000).  At least one court
has determined that forgery is an affirmative defense.  Williams v.
Walker, No. 10-00-00303-CV, 2004 WL 691637, at *4 (Tex. App.–Waco Mar.
31, 2004, pet. denied) (mem. op.).

 

Analysis

            In
her response to Shomaker’s application to set aside the order probating Will 1
and application to probate Will 2, Lewis alleged that the signature subscribed
to Will 2 was a forgery. Before trial, Shomaker and Lomax objected to Lewis’s
handwriting expert, Denise Jarrett, stating that the expert was not timely
disclosed.  Further, Shomaker and Lomax stated that the expert’s testimony was
outside the pleadings, specifically, that Lewis did not raise forgery as an
issue with respect to the profit sharing/401(k) plan and insurance policy beneficiary
forms.  Lewis admitted that the pleadings did not support her claims of forgery
regarding the signatures on the beneficiary forms.  The trial court determined
that Jarrett could testify regarding Will 2, but not regarding the signatures
on the beneficiary forms.  After Jarrett’s testimony, Lewis made a bill of exception
regarding the signatures on the beneficiary forms. 

            In
order to determine if the trial court abused its discretion in excluding
Jarrett’s testimony regarding the signatures on the beneficiary forms, we must
first decide if her testimony was relevant. See Tex. R. Evid. 702; Zwahr, 88 S.W.3d at 628; Robinson,
923 S.W.2d at 556.  To be relevant, Jarrett’s proposed testimony must be tied
to the facts of the constructive trust suit and aid the fact finder in
resolving a factual dispute.  See Robinson, 923 S.W.2d at 556.  Here,
Lewis admitted that she did not raise the issue of forgery regarding these
signatures.  Thus, evidence from the handwriting expert regarding this issue has
no relationship to any issue in the constructive trust suit.  See id. 
Further, Shomaker and Lomax’s timely objection that the proposed testimony regarding
the signatures on the beneficiary forms related to a matter outside the
pleadings precluded the issue from being tried by consent.  See Princess
Enters., Inc. v. Superstar Amusements, Inc., 718 S.W.2d 40, 42 (Tex.
App.–Dallas 1986, no writ).  Accordingly, Lewis’s third issue is overruled.

 

Disposition

Having
sustained Lewis’s second issue in part, we conclude that Richard L. Shomaker
lacked standing to file suit against Lewis for imposition of a constructive
trust, and dismiss for want of jurisdiction as to Shomaker and
that suit only.  Having overruled all of Lewis’s remaining issues, we affirm
the trial court’s order setting aside the order probating Will 1,
authorizing the issuance of letters testamentary to Lomax, and imposing a
constructive trust on the proceeds of Wallis’s profit sharing/401(k) plan and
life insurance policy.  All pending motions are overruled as moot.

 

                                                                                                Sam Griffith

                                                                                                           
Justice

 

 

 

Opinion delivered May 19, 2010.

Panel
consisted of Worthen, C.J., Griffith, J. and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)

 









[1]
The funds at issue were interpleaded into the registry of the court by First
National Bank of Byers.





[2]
As defined in Texas Probate Code section 450(a)(1), the profit sharing/401(k)
plan and the life insurance policy were nonprobate assets, and their proceeds
have been interpleaded into the registry of the court. Consequently, we have
concluded that constructive trust principles expressed in cases addressing life
insurance proceeds are equally applicable to the proceeds from the profit
sharing/401(k) plan at issue here. Neither party argues to the contrary.